# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>records and information associated with call number (414) 236-1167 stored at premises controlled by T-Mobile; See Attachments | Case No. 24-839M(NJ)<br>**Matter No.: 2023R00327** |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the    Eastern    District of    Wisconsin
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before 4/9/2024    *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    Hon. Nancy Joseph   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 3/26/2024 @ 10:58 a.m.

*Judge's signature*

City and state:    Milwaukee, WI           Hon. Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A
**Property to Be Searched**

This warrant applies to records and information associated with the cellular telephone assigned call number (414) 236-1167 ("the SUBJECT PHONE"), that are stored at premises controlled by T-Mobile ("the Provider"), headquartered at 12920 SE 39th St, Bellevue, Washington 98006.

# ATTACHMENT B
## Particular Things to be Seized

**I.     Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period 05/01/2023-07/01/2023:

    a. The following subscriber and extended subscriber information about the customers or subscribers of the Account:

        i. Names (including subscriber names, usernames, and screen names);

        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii. Local and long-distance telephone connection records;

        iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v. Length of service (including start date) and types of service utilized;

        vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"); device make and model;

        vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

        viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

   i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers); call detail records for voice, SMS, MMS, and data; email addresses and IP addresses (including source and destination); and

   ii. information regarding the cell towers and sectors through which the communications were sent and received; and

   iii. per call measurement and timing advance data (PCMD, RTT, True Call, NELOS, or similar)

II. **Information to be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. § 2119 and 18 U.S.C. § 924c involving CHRISTOPHER PHILLIPS during the period 05/01/2023 - 07/01/2023.

AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>records and information associated with call number<br>(414) 236-1167 stored at premises controlled by<br>T-Mobile; See Attachments | ) ) ) ) ) ) ) | 

Case No. 24-839M(NJ)

**Matter No.: 2023R00327**

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C § 2119 and 924(c) | Carjacking; Brandishing a firearm in furtherance of a violent crime; |

The application is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

SA Kevin W. Kaiser, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone _____ *(specify reliable electronic means)*.

Date: 3/26/2024

*Judge's signature*

City and state: Milwaukee, WI

Hon. Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT
### Matter No.: 2023R00327

I, Kevin Kaiser, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number (414) 236-1167, ("the SUBJECT PHONE"), that is stored at premises controlled by T-Mobile, a wireless telephone service provider headquartered at 12920 SE 39th Street, Bellevue, Washington 98006. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require T-Mobile to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since April of 2023. Since April of 2023, I have been assigned to the FBI's Milwaukee Area Violent Crimes Task Force, a multi-jurisdictional law enforcement entity charged with investigating violations of federal law, including bank robberies, commercial robberies, armed motor vehicle robberies, and other violent crime matters, as defined under Title 18 of the United States Code. I have been trained in a variety of investigative and legal matters, including the topics of Fourth Amendment searches, the drafting of search warrant affidavits, and probable cause. I have participated in criminal investigations, surveillance, search warrants, interviews, and debriefs of arrested subjects. As a result of this training and investigative experience, I have learned how

and why violent actors typically conduct various aspects of their criminal activities. I have experience in the investigation, apprehension and prosecution of individuals involved in federal criminal offenses, the use of cellular devices to commit those offenses and the available technology that can be used by law enforcement to assist in identifying the users of cellular devices and their location.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 2119 (carjacking) and 18 U.S.C. § 924c (use of a firearm during a crime of violence) have been committed, are being committed, and will be committed by CHRISTOPHER PHILLIPS. There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

## PROBABLE CAUSE

5. Members of the FBI Milwaukee Area Violent Crimes Task Force (MAVCTF) are investigating four armed carjackings that occurred between May 21, 2023, and June 11, 2023, in the State and Eastern District of Wisconsin.

### Carjacking #1-Audi Q7

6. On May 21, 2023, at approximately 2:35 a.m., Officers from the City of Milwaukee Police Department (MPD) responded to 3XXX North Bremen Street, Milwaukee, Wisconsin for an armed carjacking complaint.

7. Investigation revealed that at approximately 2:30 a.m. the victim was parked outside their residence in an Audi Q7 after returning home from work. The victim observed a white, 4-door vehicle pulled in front of her vehicle, prohibiting them from pulling out of her parking spot. A male suspect opened the door to the Q7, pointed a gun at the victim's head and told the victim to get out of the car and to leave her phone. The victim exited the Q7 and ran towards her residence. The suspect entered the Q7 and began driving northbound in a nearby alley out of the victim's sight.

8. At approximately 5:07 a.m., MPD Detective Matthew Bongel responded to 3XXX North 10th Street, Milwaukee, Wisconsin, where several items were located near the street curb that were reported stolen during the above-described carjacking. One of the items recovered by MPD was the victim's cell phone. MPD Latent Print Examiner Chet St. Clair examined latent fingerprint lifts from the recovered stolen cell phone and identified Amarion THURMAN's right thumb, left thumb, and left middle finger.

9. On the evening of May 22, 2023, Milwaukee Police Detective Russell Barker searched the inside of the stolen dark gray 2018 Audi Q7 (Wl plates ANR-7754) that was taken in an armed robbery carjacking on May 21, 2023. Detective Barker located, recovered, and inventoried the three cellular telephones.

**Carjacking #2-Buick Encore**

10. On June 3, 2023, at approximately 7:03 p.m., a victim parked his 2018 Buick Encore on the street in front of 3XXX North 9th Street, Milwaukee, Wisconsin. The victim exited his vehicle and began to walk into the corner store at that location.

11. As the victim approached the corner store, two black males were sitting on the steps in front of the store. One of those individuals stood up, produced a long gun from his jacket,

pointed it at the victim, and demanded the victim's belongings. The gunman reached into the victim's pockets, took his wallet and car key. The second individual who was seated on the steps with the gunman, stood up and went through the victim's pockets.

12. Both suspects then ran to the victim's vehicle, entered the vehicle, and drove northbound on North 9th Street, at which time the victim entered the store and called the police. Suspect #2 drove the Buick Encore from the robbery scene.

13. As the carjacking occurred outside the store, a third suspect, who had arrived with the original two suspects was inside the store buying food. When the two suspects fled in the victim's vehicle, suspect #3 began walking westbound on West Ring Street from the store.

14. MPD arrived on scene to investigate the above-described carjacking complaint.

15. Video from the corner store located at 3251 North 9th Street corroborated the victim's statements to Police. The video showed three suspects walking together to the store and one suspect enter the store, this suspect was later identified as being Amarion THURMAN (B/M, XX/XX/2000) who is seen on video surveillance observing the other two suspects he walks with committing the robbery, and him after purchasing items sprints towards an alley where the victim's auto is later seen exiting.

16. During a Mirandized Interview with MPD Detective Michael MARTIN, co-defendant Christopher PHILLIPS (B/M, XX/XX/2003) stated that he was with Amarion THURMAN and Rylen NASH, and they walked to the store. He reported that THURMAN had gone inside the store, while he and NASH sat on the front steps when the victim showed up and NASH robbed him and he, PHILLIPS, assisted. Afterward, they picked up THURMAN in the victim's black SUV and fled the scene where (PHILLIPS) discarded the plate at his (PHILLIPS) aunt's house, where the auto was later recovered and processed.

### Carjacking #3-Lincoln MKX

17. On June 7, 2023, MPD responded to the area of North 14th Street and West Burleigh Street for an armed carjacking complaint that occurred at approximately 2:22PM.

18. Investigation revealed the victim had just finished cutting the grass at his aunt's vacant lot and was loading the lawnmower into his 2017, blue, Lincoln MKX at 3XXX North 14th Street, Milwaukee, Wisconsin. The victim noticed suspect #1 approach him and said, "Give me what you got." The victim and suspect #1 began fighting and they both fell to the ground. While the victim was fighting with suspect #1, suspect #2 approached them and began striking the victim with a rifle. Suspect #1 and suspect #2 began punching and kicking the victim repeatedly. The victim was struck in the face with the rifle by suspect #2. The victim ran from the scene and was helped by a nearby motorist.

19. During the altercation, the victim lost his key fob to his vehicle. Suspect #1 and suspect #2 obtained the key fob and drove the victim's vehicle away from the scene.

20. On June 13, 2023, Detective Tony Castro of the Milwaukee Police Department conducted a mirandized interview with Christopher PHILLIPS (DOB XX/XX/2003). During the interview, PHILLIPS advised that he, Rylen NASH and Amarion THURMAN were involved with the carjacking of the Lincoln MKX. PHILLIPS advised he and Rylen NASH stole the car and picked up THURMAN a short distance away right after.

### Carjacking #4-Nissan Altima

21. On June 11, 2023, at approximately 7:05 p.m. Milwaukee Police Department Officers responded to an armed carjacking at 4XXX North 71st Street, Milwaukee, Wisconsin.

22. Investigation revealed the victim was a Lyft driver and she was operating her 2022 Nissan Altima during her shift as a Lyft driver. The victim was requested for a Lyft fare at 4XXX

North 71st Street, Milwaukee, Wisconsin. As the victim arrived at the above listed address, two black males were awaiting her arrival.

23. Once the two males approached the victim's vehicle, suspect #1 entered the rear and suspect #2 entered the front passenger seat. The victim observed suspect #1 produce a black firearm that she described as unique in appearance with a barrel and some type of covering on it with holes. The gunman then demanded the victim's vehicle. Suspect #1 told the victim to get out of the car and not to take any belongings with her. Suspect #1 exited the backseat of the vehicle and entered the driver's side door. The suspects obtained the victim's vehicle and cell phone and fled eastbound on West Hope Avenue.

24. That same evening, the victim's stolen cell phone was GPS tracked to an address of 3XXX North 38th Street, Milwaukee, Wisconsin. MPD officers responded to that location and observed several individuals enter the residence located next to the stolen cell phone's reported location. Two of the individuals matched the general physical description of the carjacking suspects. MPD Officers Jazmin Rowe and Steven Menge also observed the victim's stolen Nissan Altima parked in the alley approximately two houses away from where they observed the group of individuals walk through a gangway and into 3XXX North 38th Street.

25. MPD Officers made contact with the renter of 3XXX North 38th Street and they provided consent to enter the residence. Once inside the residence, MPD officers observed Amarion THURMAN (DOB XX/XX/00) and Christopher PHILLIPS (DOB XX/XX/03) inside the residence. Both THURMAN and PHILLIPS appeared to match the individuals who committed the carjacking of the Nissan Altima in both general physical appearance and the clothing they were wearing based on MPD's initial review of a Ring camera recording that captured the carjacking from a neighbor's residence at 4XXX North 71st Street, Milwaukee, Wisconsin. The residence's

renter provided consent to search and MPD Sgt. Ross Mueller located a Diamondback DB-15 (AR-style pistol) with holes in the foregrip underneath the mattress that THURMAN was observed sitting on. That firearm matched the general description of the firearm used in the carjacking of the Nissan Altima a few hours earlier. THURMAN and PHILLIPS were taken into custody.

26. MPD Detectives Michael Martin and Dana Rebro conducted "Mirandized" interviews of Amarion THURMAN. He admitted involvement in the above-described carjacking of the Nissan Altima and identified Christopher PHILLIPS as a co-actor.

27. MPD Detectives Martin and Schlacter conducted "Mirandized" interviews of Christopher PHILLIPS. He admitted involvement in the carjackings of the Nissan Altima, Buick Encore, and Lincoln MKX. PHILLIPS also identified THURMAN and Rylen NASH (XX/XX/03) as co-actors in various incidents.

28. On June 12, 2023, Detective Kent GORDON located and recovered two cellular telephones from Amarion THURMAN (B/M, XX/XX/2000) and placed them in MPD inventory as evidence. The phones were later transferred to FBI Milwaukee evidence.

29. On June 12, 2023, MPD Detective Michael MARTIN located and recovered a cellular telephone from Christopher D. PHILLIPS (B/M, XX/XX/2003) and placed the device on MPD inventory as evidence. The phone was later transferred to FBI Milwaukee evidence. This phone was described as;

**Apple iPhone in black protective case FBI Inventory 1B95**

30. A federal cell phone search warrant was signed (Eastern District of Wisconsin 23-M-549) and executed on the above listed Apple iPhone (Item 1B95) by case agents. Members of the FBI CART team completed the phone download and determined the phone number associated

with said iPhone to be 414-236-1167. On June 12, 2023, during a mirandized interview with MPD Detective Martin, PHILLIPS (B/M XX/XX2003) provided 414-236-1167 as his phone number.

31. Your affiant checked the online search database Leads Online (https://www.leadsonline.com), a database found to be a reliable source for determining the cellular carrier of a cell phone. A search of the phone number 414-236-1167 revealed that their device was assigned to T-Mobile.

32. It is common for cell phones to be used in robbery incidents, often between co-actors or to otherwise assist in the facilitation of the crime(s). In this instance, there are multiple different locations separated by sufficient time and distance that can be associated with the suspects in the above-described incidents. If a common phone number can be developed between multiple incidents, this could lead to the identification of one or more of the suspects.

33. In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than

other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

34.     Based on my training and experience, I know that T-Mobile can collect cell-site data about the SUBJECT PHONE. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

35.     Based on my training and experience, I know that wireless providers such as T-Mobile typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as T-Mobile typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the SUBJECT PHONE's user or users and may assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

36.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

37.     I further request that the Court direct T-Mobile to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on T-Mobile, who will then compile the requested

records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

38. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

## ATTACHMENT A
**Property to Be Searched**

This warrant applies to records and information associated with the cellular telephone assigned call number (414) 236-1167 ("the SUBJECT PHONE"), that are stored at premises controlled by T-Mobile ("the Provider"), headquartered at 12920 SE 39th St, Bellevue, Washington 98006.

# ATTACHMENT B

## Particular Things to be Seized

**I.     Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period 05/01/2023-07/01/2023:

a. The following subscriber and extended subscriber information about the customers or subscribers of the Account:

   i. Names (including subscriber names, usernames, and screen names);

   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long-distance telephone connection records;

   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v. Length of service (including start date) and types of service utilized;

   vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"); device make and model;

   vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

   viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

　　i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers); call detail records for voice, SMS, MMS, and data; email addresses and IP addresses (including source and destination); and

　　ii. information regarding the cell towers and sectors through which the communications were sent and received; and

　　iii. per call measurement and timing advance data (PCMD, RTT, True Call, NELOS, or similar)

II. **Information to be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. § 2119 and 18 U.S.C. § 924c involving CHRISTOPHER PHILLIPS during the period 05/01/2023 - 07/01/2023.

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed By T-Mobile, and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of T-Mobile. The attached records consist of _____ (pages/CDs/megabytes). I further state that:

    a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of T-Mobile, and they were made by T-Mobile as a regular practice; and

    b. such records were generated by T-Mobile's electronic process or system that produces an accurate result, to wit:

    1. the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of T-Mobile in a manner to ensure that they are true duplicates of the original records; and

    2. the process or system is regularly verified by T-Mobile, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____  _____
Date                              Signature